LAW OFFICES

# KRAVET & VOGEL, LLP

1040 AVENUE OF THE AMERICAS, SUITE 1101
NEW YORK, NEW YORK 10018

TELEPHONE: (212) 997-7634
FACSIMILE: (212) 997-7686
*www.kravetvogel.com*
WRITER'S E-MAIL: dkravet@kvnyc.com

DONALD J. KRAVET
JOSEPH A. VOGEL

OF COUNSEL:
HOWARD J. AUGUST
SCOTT H. GREENFIELD

MARIA E. RODI

April 29, 2013

*By Electronic Filing*
The Hon. Carol Bagley Amon, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *GEICO v. Jean Claude Compas, M.D., et al.*, Case No. 13-1290

Dear Judge Amon:

    We write in accordance with Part 3(A) of Your Honor's Rules requesting a pre-motion conference in support of an anticipated motion, (i) to dismiss the Complaint pursuant FRCP 8 and 12(b)(1) & (6) and/or (ii) for a more definite statement pursuant to FRCP 12(e). The motion will be submitted on behalf of our clients, defendants Jamie Gutierrez, M.D., Alleviation Medical Services, P.C., and JGG Medical Care, P.C. (collectively, "Defendants").

    Plaintiffs Government Employees Ins. Co., GEICO Indemnity Co., GEICO General Ins. Co., and GEICO Casualty Co. (collectively, "GEICO") allege the existence of 13 separate and sometimes overlapping civil RICO enterprises, with 13 corresponding RICO conspiracies, pursuant to 18 U.S.C. §§1962(c) & (d), against 18 named defendants (who are, for the most part, medical providers and their incorporated practices) and alleged John Does, as well as pendent state law claims asserting fraud and unjust enrichment. GEICO seeks as damages, among other things, a refund of all monies previously paid by it to the medical provider defendants.

    GEICO also seeks a declaratory judgment that it does not have to pay any of the thousands of pending, unpaid claims submitted by the medical provider defendants to GEICO for physical examinations and medical testing performed on behalf of its insureds under New York's no-fault system of reimbursement to motor vehicle accident victims (N.Y. Ins. Law §§ 5101 et seq. and 11 NYCRR §§ 65 *et seq.*). It is unclear from the Complaint how many or which of these pending claims are the subject of lawsuits that have been filed in the New York State Civil Courts.

    In all, GEICO's tome (*i.e.* complaint) is 217 pages long, contains 913 numbered paragraphs, and alleges 57 different causes of action. There are also in excess of 2,000 pages of exhibits annexed to GEICO's Complaint.

### GEICO's Complaint Violates Rule 8 of the Federal Rules of Civil Procedure

    GEICO's Complaint deluges the Court and Defendants with prolix and mind-numbing details concerning matters that are entirely unnecessary to a well-pleaded complaint. For example, the Complaint contains at least 77 pages (338 paragraphs) of what can only (and charitably) be described as "filler." (*See* ¶¶ 163-501) These pages are replete with detailed discussions on the intricacies and differences between various CPT billing codes and fee schedules, including such *minutia* as the number of minutes a provider must spend with a patient (¶¶ 175-176), and the number of bones in the human body (¶ 252). GEICO also gives

KRAVET & VOGEL, LLP
Honorable Carol Bagley Amon, U.S.D.J.
April 29, 2013
Page 2

unnecessarily in-depth descriptions of medical procedures (*e.g.*, ¶¶ 252-254, 287-288, 327-330, 359-360, 371-376) and even discusses the particular treatments given to a number of specific patients (*e.g.*, ¶ 353).

FRCP 8 provides, in pertinent part, that the complaint "shall contain ... a short and plain statement of the claims showing that the pleader is entitled to relief." FRCP 8(a)(2). As explained by the Second Circuit, "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it ..." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). When a complaint fails to comply with Rule 8, the Court has the power to dismiss with leave to file an amended pleading. *Id.* at 42. Significantly, the Rule applies equally to RICO complaints. *See Resource N.E. of Long Island, Inc. v. Town of Babylon*, 28 F.Supp.2d 786, 795 (E.D.N.Y. 1998).

Precisely because the pleading runs afoul of Rule 8, this Court should dismiss GEICO's Complaint with leave to replead consistent with the Rule. Alternatively, the prolix and unnecessary portions of the Complaint should be stricken pursuant to FRCP 12(f).

### GEICO's Insufficient RICO Pleadings

In its Twenty-Second Cause of Action, GEICO alleges that Dr. Gutierrez's "medical practice" is a RICO enterprise pursuant to 18 U.S.C. §1961(4). (¶ 663) His "medical practice," however, as opposed to his two professional corporations, is a sole proprietorship. Indeed, the bills are submitted in his own name. (*See* Complaint, Exhibit 6) This renders the allegation in ¶666 -- that his sole proprietorship "is owned and controlled by non-physicians -- nonsensical and defective. Dr. Gutierrez is also alleged to be a participant in this enterprise, *i.e.* his sole proprietorship medical practice. This violates the mandatory distinction between an individual and an enterprise and should therefore be dismissed on this independent basis. *First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 173 (2d Cir. 2004).

GEICO also fails to sufficiently allege the "participation" element of RICO against Dr. Gutierrez in its Tenth and Fourteenth Causes of Action. GEICO alleges in substantial detail that Dr. Gutierrez had no participation in the management or control of either Alleviation or JGG, each of which is alleged to be a RICO enterprise in which Dr. Gutierrez was a participant. According to the Complaint, Dr. Gutierrez ceded all ownership and control, and it was defendant Soltanov and the John Does who had exclusive dominion and control over Alleviation and JGG. (¶¶ 99-109, 130-138) Assuming this assertion to be true for purposes of a 12(b)(6) motion, these causes of action are defective and must be dismissed. *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993); *U.S. v. Workman*, 80 F.3d 688, 696 (2d Cir. 1996).

### GEICO Should Be Required To Amend Or Provide A RICO Case Statement

GEICO's Complaint alleges the existence of 13 separate and sometimes overlapping RICO enterprises and 13 corresponding RICO conspiracies. Defendants are each alleged to be a RICO enterprise (¶¶ 582, 609) and are also alleged to be involved with, and form parts of, another separate RICO enterprise. (¶ 690). Adding to the complexity and confusion, GEICO further alleges that all 17 of the medical provider defendants *"in actuality were used by the defendants to execute upon a single, large-scale, complex fraudulent scheme ..."* (¶ 153) (Emphasis added)

In light of (i) the numerous, complex and overlapping series of alleged RICO enterprises and conspiracies that GEICO has pled, as well as (ii) the specific pleading defects described above, pursuant to FRCP 12(e), Defendants and the Court are entitled to amended pleadings or a more definite statement in the form of a Civil RICO Statement, as recently directed by Magistrate Judge Boyle in another matter. *See Sky Medical Supply Inc. v. SCS Support Claims Services, Inc. et al.*, CV 12-6383 (JFB) (E.D.N.Y.) (Dkt. #120).

KRAVET & VOGEL, LLP
Honorable Carol Bagley Amon, U.S.D.J.
April 29, 2013
Page 3

*See also* Baiker-McKee, Federal Civil Rules Handbook, Authors' Commentary on Rule 12(e), page 482 (2012 ed. ("[Rule 12(e)] may also be used to compel the filing of 'RICO Case Statements'").

### GEICO Has Failed To Plead A Proper Claim For Declaratory Relief

GEICO's First Cause of Action, which seeks declaratory relief that it need not pay pending insurance claims submitted by the Defendants, is defective for a multitude of reasons. First, it lacks the specificity as required by Judge Sifton in *Travelers Indemnity Co. v. Liberty Medical Imaging Associates*, 2009 WL 962788 (E.D.N.Y.). Separately, as set forth in the Advisory Committee Notes to FRCP 57, a declaratory judgment should not be granted where a special statutory proceeding has been provided for the adjudication of the issue in dispute. GEICO's declaratory judgment seeks relief with respect to no-fault claims. The New York Comprehensive Automobile Insurance Reparations Act (*see* L. 1973, ch. 13), which supplanted common-law tort actions for victims of automobile accidents with a comprehensive and mandatory system of no-fault insurance, is such a special statutory proceeding, rendering improper a judgment under the Federal Declaratory Judgment Act. *See* Advisory Committee Notes to FRCP 57.

Further, to the extent the unpaid insurance claims referred to in GEICO's First Cause of Action are the subject of pending state court actions, declaratory judgment is unwarranted for the reasons recently cited by Judge Matsumoto in *GEICO v. Li-Elle Service, Inc.*, 2013 WL 829274 (E.D.N.Y.), which involved a request by GEICO for declaratory relief similar to the one made herein. ("[T]here is a danger that the issuance of a declaratory judgment by this court would 'encroach on the domain' of the New York state courts, and aid the federal plaintiffs in a 'race to *res judicata*'"). In addition, while District Court cases to the contrary exist, at least one court in this District has held that a claim for a declaratory judgment in circumstances similar to those alleged herein is susceptible to an abstention argument. *See Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C.*, 475 F.Supp.2d 213, 234 (E.D.N.Y. 2007), vacated in part on other grounds on reconsideration, 555 F.Supp.2d 335. *See also Travelers Indemnity Co. v. Liberty Medical Imaging Associates*, 2009 WL 962788 (E.D.N.Y.), questioning but not deciding whether the court should abstain from adjudicating a declaratory judgment similar to the one sought herein by GEICO.

GEICO alleges in paragraph 513 of its Complaint that, with respect to many of the unpaid claims that apparently are not yet subject to state court legal proceedings, GEICO *"timely issued requests for additional verification with respect to all of the pending claims for No-Fault Benefits submitted through the defendants (yet GEICO failed to obtain compliance with the requests for additional verification), and, **therefore, GEICO's time to pay or deny the claims has not yet expired.**"* (Emphasis added). This paragraph is incorporated by reference into every cause of action in the Complaint. Assuming such assertion true for purposes of a Rule 12(b)(6) motion -- that **GEICO's time to pay or deny the claims has not yet expired** -- then as concerns all such claims, there is no existing actual case or controversy as required for a declaratory judgment. *See* 28 U.S.C. §2201(a).

As concerns GEICO's request for a declaratory judgment, in paragraph 526 of the Complaint GEICO lists 7 separate reasons why the Court may declare that the pending unpaid claims need not be paid, such as that the medical services were not necessary or that the wrong billing codes were intentionally used. Three of the reasons given for not paying begin with the phrase, "*in many cases ...*" (*id.*), indicating that some but not all claims suffer from the alleged defect. However, the exhibits annexed to the Complaint, which list thousands of pending and unpaid claims (*see e.g.* Exhibits 3, 4 & 6), provide no clue as to which unpaid claims suffer from which defects.

Moreover, with respect to 6 of the 7 alleged defects (¶ 526), to the extent GEICO failed to specifically raise them in a timely denial of each claim, under prevailing No-Fault jurisprudence, GEICO is precluded from now raising them, as a matter of law. *See Fair Price Med. Supply Corp. v. Travelers Indem. Co.,* 10 N.Y.3d 556, 565 (2008); *Sound Shore Med. Ctr. v. New York Cent. Mut. Fire Ins. Co.,* 8 A.D.3d 640 (2d Dept. 2013). This reasoning applies equally to GEICO's fraud and unjust enrichment claims.

KRAVET & VOGEL, LLP
Honorable Carol Bagley Amon, U.S.D.J.
April 29, 2013
Page 4

    For the foregoing reasons, we respectfully seek permission to amplify the above arguments by the making of a pre-answer motion.

Respectfully yours,

s/
Donald J. Kravet (DK 2772)

cc:  All counsel of record *via* ECF